# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRELL L. DAVIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:19-CV-2721-AGF ) |
| MICHELLE BUCKNER, | ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner's response to the October 25, 2019 order directing him to show cause why his petition for writ of habeas corpus should not be dismissed as untimely. The Court has reviewed and considered petitioner's response and concludes that the petition is subject to dismissal because it is barred by the statute of limitations and neither the doctrine of equitable tolling nor 28 U.S.C. § 2244(d)(1)(D) apply. The Court will therefore dismiss the petition without further proceedings.

## Background

As set forth in detail in the Court's October 25, 2019 order, petitioner filed the instant petition after the expiration of the applicable limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Briefly, however, the relevant dates are as follows. On April 15, 2013, petitioner entered a guilty plea in Missouri state court, and on June 7, 2013 he was sentenced to serve a total of 15 years' imprisonment. He sought neither direct nor collateral review, and judgment therefore became final for purposes of the federal habeas statute on June 17, 2013. Petitioner therefore had until June 17, 2014 to file a petition for writ of habeas

1

corpus in federal court. However, petitioner took no legal action until February 18, 2016, when he filed a petition for writ of habeas corpus pursuant to Missouri Supreme Court Rule 91 in Missouri Circuit Court. Following the denial of that petition, petitioner filed petitions for habeas relief in the Missouri Court of Appeals and the Missouri Supreme Court on September 8, 2016 and October 21, 2016, respectively.

Petitioner filed the instant petition on September 30, 2019, more than five years after the expiration of the applicable limitations period. In the petition, petitioner asserts he was prosecuted twice for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment, that the State court lacked jurisdiction, and that his attorney rendered ineffective assistance. In the October 25, 2019 order, the Court directed petitioner to show cause why his petition should not be dismissed as untimely.

In the response now before the Court, petitioner can be understood to argue that because the state courts did not reject his state habeas petitions, those petitions are properly-filed applications for collateral review that should toll the federal habeas statute. Petitioner also claims entitlement to equitable tolling because his attorney advised him against filing a post-conviction motion, which amounted to egregious attorney misconduct and a "State imposed impediment that prevented the timely filing of a postconviction motion." (ECF No. 5 at 3). Finally, petitioner claims he only recently learned about the double jeopardy and jurisdictional issues that form the basis of the claims he asserts in his petition when a fellow inmate explained them to him. Petitioner does not state when this conversation occurred. Petitioner asserts he pursued his rights diligently once he learned this information, and that "prior to that, petitioner could not have known the importance of the now available **Jurisdictional and Double Jeopardy claims**." *Id.* at 4 (emphasis in

2

original). Petitioner also indicates that he read *Bell v. U.S.*, 75 S.Ct. 620 (1955) and *Jones v. U.S.*, 396 F.2d 66 (8th Cir. 1968), and believes they support his claims. This argument is an apparent attempt to claim the petition is timely according to 28 U.S.C. § 2244(d)(1)(D), which provides that the one-year limitations period can begin "on the date which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

## Discussion

As explained in the Court's October 25, 2019 order, petitioner's 2016 state habeas petitions cannot serve to toll the AEDPA's one-year statute of limitations. Under 28 U.S.C. § 2244(d)(2), the one-year limitation period for filing a federal habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." *Williams v. Bruton*, 299 F.3d 981, 982 (8th Cir. 2002). Properly-filed state habeas applications qualify as "other collateral review" under 28 U.S.C. Section 2244(d)(2). *Polson v. Bowersox*, 595 F.3d 873 (8th Cir. 2010). However, in order for an application to toll the one-year limitations period, it must be filed prior to its expiration. *Curtiss v. Mount Pleasant Correctional Facility,* 338 F.3d 851, 853 (8th Cir. 2003). Here, none of petitioner's state habeas petitions can toll the federal statute of limitations because they were filed after it expired. *See id.*

Nor has petitioner demonstrated entitlement to equitable tolling. Equitable tolling is proper when the petitioner has been diligently pursuing his rights but "extraordinary circumstances" beyond his control made it impossible to file a timely petition, or when the government's conduct lulled the petitioner into inaction through reliance on that conduct. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003). "Any invocation of equity to relieve the strict application of a

statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.*

In the case at bar, petitioner has not met his burden of demonstrating he was diligently pursuing his rights. Even if petitioner had so demonstrated, he would not be entitled to equitable relief because the circumstances he describes do not amount to "extraordinary circumstances" beyond his control that made it impossible to file a timely petition. Petitioner claims his attorney counseled him against filing a post-conviction motion and concludes this amounted to egregious attorney misconduct. However, the conduct petitioner describes does not begin to approach the sort of conduct that has been recognized as "egregious attorney misconduct" warranting equitable relief. *See, e.g., U.S. v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005) (describing deliberate misrepresentations and attempts to mislead a client that affected the filing of a habeas petition as "egregious attorney misconduct" warranting equitable relief). Even if petitioner's attorney's conduct could be considered egregious misconduct, petitioner fails to explain how it accounts for the passage of time between the finality of his state court judgment and the date he filed the instant petition. It therefore cannot be said that the attorney's advice affected petitioner's ability to file a timely federal habeas petition. Nor can it be said that the attorney's advice was attributable to the government, as petitioner contends. *See Holland v. Florida*, 560 U.S. 631, 656 (2010) (the mistakes of counsel are constructively attributed to his client, at least in the post-conviction context).

Finally, petitioner contends he did not learn of the double jeopardy and jurisdictional issues that form the basis of his federal habeas claims until he spoke with a fellow inmate and read Supreme Court and Eighth Circuit cases published in 1955 and 1968, respectively. First, petitioner

does not state when this conversation occurred. Next, petitioner does not claim there was any evidence that was not discoverable through the exercise of due diligence prior to the expiration of the federal statute. Finally, the cases petitioner cites and information about double jeopardy and state and federal jurisdiction were discoverable through the exercise of due diligence long before the federal statute of limitations expired. Therefore, the petition cannot be considered timely under 28 U.S.C. § 2244(d)(1)(D).

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Petitioner herein has made no such showing, and the Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Terrell L. Davis's petition for writ of habeas corpus is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 18th day of November, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE