# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TERRELL L. DAVIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:19-cv-2721-AGF |
| | ) |
| MICHELLE BUCKNER, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This closed civil matter is before the Court upon review of four post-judgment filings filed by petitioner Terrell L. Davis: a Motion to Reopen Case Under Rule 60(b)(6) (ECF No. 8/filed December 2, 2019), a second motion asking the Court to reopen the case (ECF No. 12/filed January 13, 2020), and two supplemental filings. The motions will be denied.

## **Background**

Petitioner, a Missouri State prisoner, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As set forth in detail in the Court's October 25, 2019 Memorandum and Order, petitioner filed the petition after the expiration of the applicable limitations period set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Briefly, however, the relevant dates are as follows. On April 15, 2013, petitioner entered a guilty plea in Missouri state court, and on June 7, 2013, he was sentenced to serve a total of 15 years' imprisonment. He sought neither direct nor collateral review, and judgment therefore became final for purposes of the federal habeas statue on June 17, 2013. Petitioner therefore had until June 17, 2014 to file a petition for writ of habeas corpus in federal court.

1

However, petitioner took no legal action until February 18, 2016, when he filed a petition for writ of habeas corpus pursuant to Missouri Supreme Court Rule 91 in Missouri Circuit Court. Following the denial of that petition, petitioner filed petitions for habeas relief in the Missouri Court of Appeals and the Missouri Supreme Court on September 8, 2016 and October 21, 2016, respectively.

Petitioner filed the federal habeas petition at issue here on September 30, 2019, more than five years after the expiration of the limitations period set forth in the AEDPA. In the petition, petitioner asserted he was prosecuted twice for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment; the State court lacked jurisdiction; and his attorney was ineffective. On October 25, 2019, this Court entered a Memorandum and Order directing petitioner to show cause why his petition should not be dismissed as untimely. In response, petitioner argued that because the state courts did not reject his state habeas petitions, they were "properly filed" applications for collateral review that should toll the federal habeas statute. He also argued he was entitled to equitable tolling because his attorney gave him bad advice, and that even though he exercised due diligence, he did not learn of the legal issues that formed the bases of his federal habeas claims until he spoke with a fellow inmate and read Supreme Court and Eighth Circuit cases published in 1955 and 1968, respectively.

On November 18, 2019, after considering petitioner's response, this Court dismissed the petition. The reasons for dismissal are fully set forth in the Court's Memorandum and Order of that date. Briefly, however, the Court concluded that petitioner's state habeas petitions could not serve to toll the applicable statute of limitations because they were filed after its expiration; petitioner failed to demonstrate that he diligently pursued his rights; the attorney's actions did

not amount to egregious attorney misconduct warranting equitable relief; even if the attorney's actions amounted to egregious attorney misconduct, it could not be said that such conduct affected petitioner's ability to file a timely federal habeas petition; and the issues forming the bases of petitioner's federal habeas claims were discoverable through the exercise of due diligence prior to the expiration of the federal statute.

In the instant Motion to Reopen Case Under Rule 60(b)(6) (ECF No. 8), petitioner contends he is entitled to equitable tolling because he was lulled into inaction by his attorney's bad advice; his State habeas petitions complied with State law and were not rejected as untimely by the Missouri Courts, and they should therefore toll the federal habeas statue; he could not have known of the importance of the legal issues forming the basis of his claims; and he diligently pursued his rights. Subsequently, petitioner filed a letter addressed to a Court employee, contending that this Court erred in determining that his State habeas petitions could not toll the federal statute of limitations. Petitioner also contended he was entitled to equitable tolling. Petitioner then filed a request to supplement his motion, arguing that he recently learned that this Court erred by *sua sponte* addressing the issue of the statute of limitations. In petitioner's second motion (which is composed in the form of a letter addressed to the Court) he avers he has spent money litigating his case in the Missouri State Courts; he writes "I'M NOT OUT OF TIME;" he states the issue of timeliness is for the respondent, not this Court, to address, and he is entitled to equitable tolling because he relied on his attorney's advice. (ECF No. 12) (emphasis in original).

After filing the first motion but before filing the second, petitioner filed a notice of appeal in the Eighth Circuit Court of Appeals. (ECF No. 11/filed January 10, 2020). Normally, the filing

of a notice of appeal divests the district court of control over the case. *Liddell by Liddell v. Board of Educ. of City of St. Louis*, 73 F.3d 819, 822 (8th Cir. 1996). However, a district court may consider a Rule 60(b) motion "on the merits and deny it even if an appeal is already pending" in the Eighth Circuit Court of Appeals. *Hunter v. Underwood*, 362 F.3d 468 (8th Cir. 2004). If the district court decides to grant the motion, remand is necessary. *Id.*

## Discussion

In both of petitioner's motions and in his supplemental filings, he focuses on the issue of whether this Court properly dismissed his § 2254 petition as untimely. While petitioner mentions the legal issues forming the bases of the federal claims for relief he asserted in the petition, he does so in the context of asserting that his petition should be considered timely because he only recently learned of those issues. It therefore does not appear that petitioner's motions and post-judgment filings can be construed as asserting a federal basis for relief from a state court judgment.[1] The Court will now consider whether petitioner is entitled to relief under Federal Rules of Civil Procedure 60(b)(6).

Rule 60(b) authorizes relief from a final judgment based on certain enumerated circumstances, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence that could not have been discovered in time to seek relief pursuant to Rule 59(e), and fraud. Fed. R. Civ. P. 60(b)(1)-(3). Rule 60(b) also contains a "catchall" category that allows a court to relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) allows for relief only in 'extraordinary circumstances.'"

---

[1] If they did so assert, this Court would be required to construe them as successive § 2254 petitions that this Court lacks jurisdiction to hear without certification from the Eighth Circuit Court of Appeals, and dismiss them as unauthorized successive petitions.

4

*Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019) (citations omitted). Extraordinary circumstances are not present whenever a party is subjected to unfavorable consequences because of a judgment at which a court properly arrived. *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 868 (8th Cir. 2007). Circumstances are extraordinary when they "have denied the moving party a full and fair opportunity to litigate his claim" and prevented him "from receiving adequate redress." *Murphy v. Missouri Dept. of Corrections,* 506 F.3d 1111, 1117 (8th Cir. 2007).

The Court has carefully considered petitioner's motions and supplemental filings, and will decline to alter or amend its prior judgment. Petitioner's assertion that this Court erred in considering, *sua sponte*, the timeliness of the petition is incorrect. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). The balance of petitioner's motions and filings essentially reassert his contentions from his response to this Court's October 25, 2019 Memorandum and Order, which have already been fully considered and rejected by this Court. Reassertion of prior contentions is not the purpose of Rule 60(b). *See Arnold v. Wood,* 238 F.3d 992, 998 (8th Cir. 2001) (concluding the district court did not abuse its discretion in denying a Rule 60(b) motion that largely reasserted contentions made in earlier motions); *Broadway v. Norris,* 193 F.3d 987, 989-90 (8th Cir. 1999) (noting that Rule 60(b) "is not a vehicle for simple reargument on the merits."). Additionally, petitioner fails to demonstrate extraordinary circumstances warranting relief. Accordingly, the Court concludes that petitioner is not entitled to relief under Rule 60(b). Finally, petitioner has not demonstrated that jurists of reason would

find it debatable whether he is entitled to relief. The Court will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Motion to Reopen Case Under Rule 60(b)(6) (ECF No. 8) and his motion to reopen this case (ECF No. 12) are **DENIED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that petitioner shall direct all future filings to the Eighth Circuit Court of Appeals.

Dated this 24th day of January, 2020.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE